UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

GEM MECHANICAL SERVICES, INC.    )
           Plaintiff,                 )
                                )
        v.                      )       C. A. No. 12-93-M
                                  )
DV II, LLC, et al.                   )
           Defendants.          )
                                  )

## MEMORANDUM AND ORDER

JOHN J. McCONNELL, JR., United States District Judge.

Plaintiff, GEM Mechanical Services, Inc. (GEM) commenced this action by filing suit in Rhode Island Superior Court. Cleveland Construction, Inc., (Cleveland), Federal Insurance Company (Federal), and Wal-Mart Stores East, L.P. (Wal-Mart) (Defendants) removed the case to this Court based on diversity. Before this Court is Defendants' Motion to Dismiss (ECF No. 5.) pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure, alleging improper venue in the underlying state court action, which was statutorily removed to this Court. In the alternative, in accordance with a forum selection clause, Defendants in the same motion move pursuant to 28 U.S.C. § 1406(a) to transfer the action to the United States District Court for the Northern District of Ohio.

GEM objects to the Motion to Dismiss or in the alternative to transfer venue. GEM asserts that the Defendants' Motion is improper pursuant to R.I. Gen. Laws § 6-34.1-1, which makes venue and conflict of law provisions voidable in construction contracts.

## I.     Facts

Wal-Mart retained Cleveland to construct a Wal-Mart Supercenter in North Smithfield,

Rhode Island.   Cleveland then hired GEM as a subcontractor to perform mechanical and plumbing work, as well as other associated tasks defined within the written Subcontract Agreement (Agreement.)   The Agreement included a forum selection clause stating that the "Agreement shall be governed by the laws of the State of Ohio. Any claims, actions or causes of action arising out of or relating to this Agreement shall be brought in Lake County, Ohio, and U.S.A." (ECF No. 5 at 4.) GEM alleges that Cleveland failed to pay for work GEM performed, and GEM seeks damages pursuant to the Agreement in Rhode Island.   (ECF No. 1-1 at 4-6.) However, Cleveland wants to enforce the forum selection clause and litigate this case in Ohio, under Ohio law.   Thus, the issue for this Court is whether the forum selection clause is enforceable in a construction contract where the construction took place in Rhode Island.

## II.   Motion To Dismiss Standard

The First Circuit treats a "motion to dismiss based on a forum selection clause as a motion alleging the failure to state a claim for which relief can be granted under Rule 12(b)(6)." *Rivera v. Centro Medico de Turabo, Inc.*, 575 F.3d 10, 15 (1st Cir. 2009).   Therefore, "the district court must 'accept as true the well-pleaded factual allegations of the complaint, [and] draw all reasonable inferences therefrom in the plaintiff's favor.'" *See id.* (quoting *LaChapelle v. Berkshire Life Ins. Co.,* 142 F.3d 507, 508 (1st Cir. 1998)).

## III.   Forum Selection Clause Is Unenforceable

As an initial matter, this Court must determine what law to apply to its legal analysis. Cleveland claims Ohio law applies and GEM claims Rhode Island law applies.   To determine which state law applies this Court must determine whether the forum selection clause in the Agreement is enforceable. The First Circuit has "sidestep[ped] the *Erie* question [] of whether to treat the issue of a forum selection clause's enforceability as 'procedural' (and so look to federal

2

law for a test) or as 'substantive' (and instead look to state law)." *See Huffington v. T.C. Group, LLC,* 637 F.3d 18, 23 (1st Cir. 2011); *see also Erie R.R. Co. v. Tompkins,* 304 U.S. 64 (1938). Here, this Court does not need to address the *Erie* question either, because under both the federal law and state law analysis the forum selection clause is unenforceable in this case.

First, under federal law, the United States Supreme Court listed four grounds for finding a forum selection clause unenforceable:

> "(1) the clause was the product of 'fraud or overreaching,' (2) 'enforcement would be unreasonable and unjust,' (3) proceedings 'in the contractual forum will be so gravely difficult and inconvenient that [the party challenging the clause] will for all practical purposes be deprived of his day in court,' or (4) 'enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision.'"

*See Huffington,* 637 F.3d at 23 (quoting *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15, 18 (1972)). There is no indication that any of the first three grounds apply, but the fourth ground is applicable. This Court finds that the forum selection clause in the Agreement violates the fourth ground as it "contravene[s] a strong public policy" in the forum state, Rhode Island. *See The Bremen,* 407 U.S. at 15. That strong public policy is set forth in Rhode Island General Laws § 6-34.1-1, which provides that forum selection clauses in construction contracts, where construction is located in Rhode Island, are voidable by the party obligated by the contract to perform the construction or repair. *See* R.I. Gen. Laws § 6-34.1-1.[1] The Rhode Island General Assembly set forth the state's public policy on this issue, i.e. the protection of contractors performing construction in Rhode Island by requiring actions to be brought in this state under R.I. law. Here, because GEM is the party that contracted to perform the construction, GEM is the party the

---

[1] This Court acknowledges that Gen. Laws 1956 § 6-34.1-1 (e) states that the superior court of Rhode Island shall decide the enforceability of § 6-34.1-1. However, even with section (e), this statute still codifies the public policy of Rhode Island: that the General Assembly intends to protect Rhode Island construction companies working in Rhode Island by making forum selection clauses voidable.

General Assembly intended to protect. Thus, finding the forum selection clause enforceable would go against Rhode Island public policy, violating federal common law.

Alternatively, even if state law were to govern the forum selection clause, it would still be unenforceable. "Because this case [is] in the District of Rhode Island pursuant to the court's diversity jurisdiction, we apply the substantive law of the state of Rhode Island." *Rosciti v. Ins. Co. of Pennsylvania*, 659 F.3d 92, 96 (1st Cir. 2011). "Rhode Island law recognizes choice of law clauses, with some limitations." *Sheer Asset Management Partners v. Lauro Thin Films, Inc.*, 731 A.2d 708, 710 (R.I. 1999). The Rhode Island Supreme Court stated that it is "well settled that no stipulations of the parties as to the law they intend to have govern their contract will be given effect to, if it is considered to be contrary to the public policy of the law of the forum." *See Fairfax Family Fund, Inc. v. Garrett*, No. C.A. 75-442, 1976 WL 176903, at *2 (R.I. Feb. 2, 1976); *Owens v. Hagenbeck-Wallace Shows Co.*, 192 A. 158, 164 (R.I. 1937).

Therefore, as discussed above, R.I. Gen. Laws § 6-34.1-1 determined that forum selection clauses in construction contracts performed in Rhode Island are voidable, because they violate public policy. *See* R.I. Gen. Laws § 6-34.1-1. Thus, under Rhode Island law, this forum selection clause is also unenforceable because the Agreement involved constructing a Wal-Mart in Rhode Island, and GEM, the party performing the construction, elected to take advantage of the protections in the Rhode Island statute.

Thus, under both the federal law and state law analysis, the forum selection clause in the Agreement is unenforceable and Defendants' Motion to Dismiss is DENIED.

## IV.    Venue Is Proper In Rhode Island

Pursuant to 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice,

transfer such case to any district or division in which it could have been brought." In fact, 1406(a) "is to be invoked when venue is *improper*, as opposed to merely *inconvenient*." *See D'Antuono v. CCH Computax Sys., Inc.*, 570 F. Supp. 708, 710 (D.R.I. 1983); *see also Corke v. Sameiet M.S. Song of Norway*, 572 F.2d 77, 79 (2d Cir. 1978). Under 28 U.S.C. § 1391 (b)(2) venue is proper where "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." Here, "a substantial part of the events . . . giving rise to the claim" occurred in Rhode Island as GEM performed construction in Rhode Island, and "a substantial part of property that is the subject of the action is situated" in Rhode Island as GEM's claim arose out of Cleveland's failure to pay for work that GEM completed in Rhode Island. *See* 28 U.S.C. § 1391 (b)(2). Thus, drawing all reasonable inferences in favor of GEM, Rhode Island venue is proper. *See* Fed. R. Civ. P. 12(b)(6).

## V.     Conclusion

For each and all of these reasons, this Court DENIES Defendants' Motion to Dismiss or in the alternative transfer venue. (ECF No. 5.)

SO ORDERED:

_____
John J. McConnell, Jr.
United States District Judge

June 18, 2012